OPINION
Tony King, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding appellant to be a sexual predator entered at the conclusion of the sexual predator hearing.
Appellant asserts the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE COURT ERRED IN DETERMINING THE APPELLANT TO BE A SEXUAL PREDATOR AGAINST THE SUFFICIENCY OF THE EVIDENCE NEEDED TO FULFILL THE CLEAR AND CONVINCING EVIDENCE STANDARD IN O.R.C. 2950.
ASSIGNMENT OF ERROR NUMBER TWO
 THE COURT ERRED IN NOT FULFILLING THE FULL REQUIREMENTS OF PROCEDURAL DUE PROCESS.
ASSIGNMENT OF ERROR NUMBER THREE
 VARIOUS PARTS OF O.R.C. 2950 ARE CONSTITUTIONALLY VAGUE AND PREJUDICED THE APPELLANT'S RIGHT TO A FAIR AND ADEQUATE HEARING.
ASSIGNMENT OF ERROR NUMBER FOUR
 THE APPELLANT WAS PREJUDICED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
At the sexual predator hearing held on May 4, 1999, the state introduced the following exhibits: (1) a transcript of appellant's guilty plea taken March 28, 1989; (2) master file records from the Madison Correctional Institution; (3) a certified copy of his indictment; (4) a certified copy of the entry of his guilty plea; and (5) a certified copy of the sentencing entry. There was no objection by appellant's counsel to any of these exhibits. Appellant did not introduce any evidence.
The record shows that appellant was charged in 1989 with three counts of sexual offenses against his eight-year-old stepdaughter and that he ultimately entered a guilty plea to the stipulated lesser included offense of rape without force of a child under thirteen years of age in violation of R.C. 2907.02, an aggravated felony of the first degree, and that he was found guilty of that charge. He was sentenced to imprisonment for a period of time not less than six, but no more than twenty-five years. At the sentencing hearing, the prosecutor stated pertinent facts for the court's consideration. Those facts included a statement that a doctor at Children's Hospital found the young girl's hymen was not attached and that there was an inch-long tear between the vaginal opening and rectum, which was recent. The eight-year-old girl stated to the police that the abuse by appellant had commenced over a year previous, with the latest occurrence having been October 2, 1987. She stated that all of the incidents would occur in her bedroom late at night when appellant would come in, pull his pants down and proceed to pull her pants down and have vaginal intercourse with her. Appellant has a lengthy criminal record. He was convicted of OMVI in 1978; attempted bribery of a police officer in 1981; attempted trafficking marijuana in 1982 (while out on shock probation for the attempted bribery offense); aggravated trafficking in 1983; two more OMVIs in 1986; and an OMVI and hit-skip in 1988.
There was additional evidence that appellant was using cocaine, taking Valium and drinking heavily at the time of the abuse of his eight-year-old stepdaughter.
At the conclusion of the sexual predator hearing, the court found appellant to be a sexual predator. The court stated that it had reviewed the documents that had been submitted into evidence and noted the presence of at least six of the factors enumerated in the sexual predator statute. The court found significance in the relative ages of appellant and the victim, in the repetitive nature of the abuse, and in the display of cruelty of appellant slapping his stepdaughter. The court noted that appellant's drug use was an indication of recidivism generally and was also relevant because it appeared to be going on at the time. The court pointed out that appellant occupied a position of trust in relation to the victim.
Appellant first asserts that there was insufficient evidence to find that he is a sexual predator by clear and convincing evidence.
The state was required to show future propensity by clear and convincing evidence. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Although this standard looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity. See Kansas v. Hendricks (1997), 521 U.S. 346,358, quoting Heller v. Doe (1993), 509 U.S. 312, 323. Under R.C.2950.09(B)(2), the trial court could consider all relevant factors in determining future propensity.
The evidence was sufficient to support a "sexual predator" finding by clear and convincing evidence. The evidence showed that appellant had engaged in multiple acts of sexual misconduct against an eight-year-old girl who was his stepdaughter. The multiple acts of sexual misconduct occurred over a fifteen-month period.
The youthful age of appellant's victim further reveals an increased risk of future offenses. His repeated acts of sexual misconduct against an eight-year-old girl show his willingness to exploit persons who are relatively defenseless and indicate a strong danger that appellant will seek to exploit similarly defenseless children in the future. See State v. Ferguson (Mar. 31, 1988), Franklin App. No. 97AP-858, unreported, affirmed (1988), 84 Ohio St.3d 13. It is virtually undisputed that there is a high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97AP-830, unreported, affirmed (1998), 84 Ohio St.3d 12. As we stated in Daniels, the risk of recidivism must be viewed as considerable in that it involves an offender who has disregarded the universal, legal and moral reprobation against sex with young children. In summary, the reprehensible nature of the acts, the frequency with which they occurred, the age of the victim and the position of trust in that the victim was a stepdaughter, all mitigate strongly in favor of a finding that appellant is very likely to be a recidivist who will repeat these types of acts.
More generally, appellant also has a propensity to commit criminal offenses, particularly those involving substance abuse. Around the time appellant was abusing his stepdaughter, he was drinking heavily and using cocaine. His criminal activity of a non-sexual nature, particularly those acts relating to substance abuse, are a relevant factor in assessing his danger of recidivism. A reasonable inference is that substance abuse contributes to his criminal activity and recidivism of this nature is also high. Appellant emphasizes the fact that his sexual offense(s) were committed twelve years ago and that he has completed the Monticello Sex Offender Program while in prison. However, completion of such a program does not require overturning the trial court's finding as a matter of law. See State v.Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported. That evidence may be weighed against the evidence strongly indicating a propensity to commence future offenses, and the trial court acted within its discretion when it weighed the evidence to arrive at a conclusion that propensity to commit future sexual offenses was established by clear and convincing evidence.
Appellant points to our decision in State v. Baughman
(May 4, 1999), Franklin App. No. 98AP-929, unreported, for his contention that a person cannot be adjudged a sexual predator based upon the sole act of sexual misconduct for which he had been convicted. In Baughman, the court did approve a statement that a trial court cannot find an offender a sexual predator solely on facts arising from the underlying offense. However, Baughman is clearly factually distinguishable and that broad statement of the court should be considered in relation to the facts of Baughman. In Baughman, the sole known act of sexual misconduct was the act for which defendant had been convicted and, given that fact alone, without any of the other relevant factors specified by R.C.2950.09 (B)(2), the determination involvement was correct that the trial court's finding was against the manifest weight of the evidence. However, in this case, as previously pointed out, there were multiple sexual offenses by appellant directly against an eight-year-old child who was in his custody as a stepdaughter. Obviously, the facts in this case are much more adverse than those in Baughman.
R.C. Chapter 2950 does not specifically require that the state prove propensity by facts "other than the facts of the crime itself." The statute draws no artificial distinction between facts underlying a conviction and other facts. Thus, we disagree that facts derived from the sexual offense for which defendant was convicted can never in themselves be sufficient to support a finding of sexual predator by clear and convincing evidence. If there are other facts derived from the sexual offense for which defendant was convicted, which support finding him to be a sexual predator by clear and convincing evidence, he can be found to be a sexual predator.
There was sufficient evidence for the trial court to find by clear and convincing evidence that appellant is a sexual predator as defined by R.C. 2950.01(E). Appellant's first assignment of error is overruled.
Appellant secondly asserts that the trial court erred in not fulfilling the full requirements of procedural due process.
There was no breach of due process in the handling of the sexual predator hearing. R.C. Chapter 2950 sets forth ample opportunities for both the offender and prosecutor to present testimony, call witnesses and so forth. Due process does not require that all possible witnesses be called or that expert witnesses be present. It merely gives each party the full opportunity to do so. The parties chose to present evidence by way of the five exhibits mentioned previously. Appellant called no witnesses but had an opportunity to do so. The risk of calling no further witnesses and using the documents presented was a choice that appellant's counsel made. It cannot be presumed that there were any other favorable witnesses for appellant or that cross-examination of the persons who executed the exhibits would have produced anything different than what was presented.
The trial court reviewed all of the documents submitted, which included the information pertinent to appellant's completion of the Monicello Program. However, as stated previously, appellant was not entitled to have the court give that evidence dispositive effect. It is not a violation of due process that the trial court decided that the other evidence was overwhelming and outweighed the evidence favorable to appellant that was contained within the submitted documents from the Adult Parole Authority.
Appellant's second assignment of error is overruled.
Appellant thirdly asserts that various parts of R.C. Chapter 2950 are constitutionally vague and prejudiced appellant's right to a fair and adequate hearing.
As stated by the United States Supreme Court, "there is nothing inherently unattainable about a prediction of future criminal conduct." United States v. Salerno (1987), 481 U.S. 739,751, quoting Schall v. Martin (1984), 467 U.S. 253, 278. The "sexual predator" definition is not vague merely because the inquiry will be wide ranging. Id. at 278-279 and n. 30. We have already rejected a vagueness challenge in State v. Chappell (Feb. 24, 1998), Franklin App. No. 97AP-543, unreported.
Appellant complains about the indictment being used as evidence since two counts of the indictment were nolle prosequi and a plea was entered to a reduced charge in the other count. However, there was no objection by appellant's counsel to the admission of the indictment as evidence. In any event, the main evidence of other crimes came from the statements presented to the court which were not disputed by appellant prior to the court's sentencing of appellant for the count to which a plea was made.
Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant asserts that he was prejudiced due to the ineffective assistance of counsel.
Appellant's final assignment of error represents a hodge podge of things appellant believes his counsel should have done. Even if an ineffective assistance of counsel error can be pursued in this type of proceeding, appellant's claim would still fail. To succeed on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. Initially, appellant must show that his trial counsel acted incompetently. Strickland v.Washington (1984), 466 U.S. 668. Secondly, appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
Looking at the substance of appellant's complaints, first, it appears that all of the significant parts of the testimony unfavorable to appellant in regard to a determination of being a sexual predator would have come regardless of what objection his counsel would have made. For example, counsel chose not to object to state's exhibit 2, not only because the PSI in that exhibit would have been admissible anyway, see State v. Cook (1998),83 Ohio St.3d 404, 425, but, also, because the exhibit contained favorable information regarding appellant's completion of the Monicello Program. Counsel, in fact, highlighted that favorable evidence in his argument to the court. Counsel also explained why appellant had been expelled from another program because of the rules infraction unrelated to his failure to complete treatment. In short, counsel for appellant appeared to have reacted in a competent manner.
Appellant further contends that counsel should have objected to the evidence on the grounds of "constitutional vagueness." However, as stated earlier, there was no ground to object on that basis and there was no requirement that expert testimony be admitted.
In the final analysis, appellant has failed to show that his counsel did not perform in a legally acceptable manner nor has he shown that he has been prejudiced in any way. Appellant was judged a sexual predator because of the damning facts underlying his abuse of his stepdaughter, not because of any ineffectiveness on his counsel's part. Appellant has not shown that there would have been a reasonable probability of a different outcome if his counsel had acted in the manner now desired by appellant.
Appellant's fourth assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active under authority of Section 6(C), Article IV, Ohio Constitution.